BRUNOT, Justice.
 

 This suit was instituted by B. F. Thompson, but J. B. Smith, who is the only party now having an interest in the suit, has been substituted for Thompson, as the relator.
 

 The prayer of the petition is for a writ of mandamus directed to the police jury of Catahoula parish and to each member thereof, commanding them, and each of them to budget, collect, and pay over to relator $22,-793.96, with 5 per cent, per annum interest
 
 *792
 
 thereon from January 7, 1929, and 10 per cent, on the sum of said principal and interest as attorney’s fee.
 

 The sum claimed is the past-due and unpaid balance of a compromise judgment rendered in favor of J. B. Smith and against the parish of Catahoula, in the suit No. 4396, J. B. Smith v. Police Jury of Catahoula Parish, on the docket of the Seventh judicial district court of this state.
 

 This judgment was read and signed on September 20, 1926. There was no appeal from the judgment. The police jury issued six certificates covering the full amount of the judgment. It paid the first two certificates on their maturity dates, and made a substantial payment on the third certificate at its maturity date, but failing to make any further payment to the relator, the holder and owner of the unpaid certificates, this suit was filed.
 

 The defense, as we understand it, is: First, that the judgment the relator is seeking to enforce is not an indebtedness of Catahoula parish, but of road districts 1, 2, and 3 of said parish. Second, that the act of the president and secretary of the police jury, in confessing judgment in the suit mentioned supra, was unauthorized, ultra vires, and not binding on the parish.
 

 When the case was tried, the judge, without assigning reasons therefor, dismissed the suit at relator’s cost, and this appeal is from that judgment.
 

 It appears that two suits between the parties to this suit were pending in the Seventh judicial district court. In one of the suits the relator was the plaintiff, and in the other the police jury was the plaintiff. The differences between the litigants were settled by a compromise agreement which is incorporated in and made the judgment of the court, which the relator, in this suit, is seeking to enforce. We think it is advisable to quote the resolution of the police jury and the compromise agreement and judgment of the court iii full:
 

 “Resolution.
 

 “Whereas, a controversy exists between Smith Brothers, a commercial partnership composed of J. B. Smith and W. H. Smith, Jr., and the Parish of Catahoula, relating to a fund in escrow in the Alexandria Bank & Trust Company, of Alexandria, Louisiana, claimed by both parties, and made the subject of a certain suit now pending in the Seventh District Court, said suit being numbered #4352 and entitled ‘Police Jury of Catahoula Parish v. J. B. Smith et ais.’ and
 

 “Whereas, a certain suit being numbered 4396 entitled ‘James B. Smith v. Police Jury of Catahoula Parish et als.’ is now pending in the Seventh Judicial District Court, and
 

 “Whereas, the Parish of Catahoula and said Smith Brothers did enter into several contracts covering the construction of certain public roads in Catahoula Parish, reference being made to said contract now on file with the Police Jury, and there has arisen a controversy between said parties as to certain claims for sums due as made by said Smith Brothers under said contracts, and
 

 “Whereas, the Police Jury of Catahoula Parish, Louisiana, and J. B. Smith, as the successor of Smith Brothers, desire to settle and adjust said suits above referred to and
 
 *794
 
 to settle and adjust all claims made by the said Smith Brothers against the said parish, and
 

 “Whereas, a proposition of compromise has been made by the said Smith providing for a complete settlement of said suits and of said claims, therefore,
 

 “Be it resolved, by the Police Jury of Catahoula Parish, in lawful session convened, that the President and Secretary of the Police Jury of Catahoula Parish are hereby directed and empowered for and on behalf of this body to make, sign, execute and deliver an act of compromise with the said Smith, or any authorized agent appointed by him, which act of compromise shall provide as follows:
 

 “First: That said Smith shall renounce all claims to the fund in escrow in the Alexandria Bank & Trust Company, and shall upon receipt of the certificates of indebtedness hereinafter provided for, abandon all other claims against the Parish of Catahoula, and shall dismiss and abandon that certain suit numbered 4396, and entitled ‘Smith v. Police Jury of Catahoula Parish et als.’
 

 “Second: The Parish of Catahoula shall abandon all claims to the interest coupons delivered to the Alexandria Bank & Trust Company, in connection with the escrow agreement hereinabove referred to.
 

 “Third: The Parish of Catahoula shall admit and provide for the. payment of an indebtedness due the said J. B. Smith under the contracts above referred to amounting to the sum of Thirty'Four Thousand, Nine Hundred and Sixty Nine and 96/100 ($34,969.96) Dollars.
 

 “Fourth: The Parish of Catahoula, through its Police Jury, and represented by its President and Secretary, shall make, sign, execute and deliver to J. B. Smith, or any authorized agent, certificates of indebtedness of the said Parish of Catahoula, aggregating the sum of Thirty Four Thousand, Nine Hundred and Sixty Nine and 96/100 ($34,969.96) Dollars, said certificates to be in substantially the following form, to wit:
 

 “No.- $-
 

 “On the-day of -, 19 — , after date, for value received, the Parish of Catahoula, promises to pay to J. B. Smith, or assigns, at the Harrisonburg, State Bank, at Harrisonburg, Louisiana, the sum of- (-) Dollars, with five per cent, interest from date until paid, interest payable semiannually.
 

 “It is agreed that if this certificate is placed in the hands of an attorney for collection after maturity, then the maker shall pay ten per cent of the aggregate amount thereof as attorney’s fees.
 

 “This certificate is one of a series of six certificates, aggregating $34,969.96, issued by the Police Jury of Catahoula Parish, pursuant to a resolution adopted September 15th, 1926, said certificates to be numbered from one to six, inclusive.
 

 “Said certificates shall be dated September 15th, 1925, and shall be in the following amounts and maturities, to-wit:
 

 “#1. $5828.32 Due March 15, 1927.
 

 “#2. $5828.32 Due September 15, 1927.
 

 “#3. $5828.32 Due March 15, 1928.
 

 “#4. $5828.32 Due September 15, 1928.
 

 
 *796
 

 “#5.
 
 $5828.32 Due March 15, 1929.
 

 “#6. $5828.32 Due September 15, 1929.
 

 “That in order to provide for the payment of said certificates in principal and interest as the same mature, the Police Jury of Catahoula Parish binds and obligates itself to annually budget and set aside a sufficient sum to pay the principal and interest thereof, for the payment of which the full faith and credit of the Parish of Catahoula is hereby pledged.
 

 “-, President
 

 “-, Secretary
 

 “That the said act of compromise herein provided for, when made and signed by the said Smith and the Police Jury of Catahoula Parish, shall be made the basis of a judgment of the Seventh Judicial District Court, wherein all of the provisions thereof shall be recognized and ordered enforced.
 

 “That the certificates herein provided for shall be delivered to the said J. B. Smith, or his agent, upon the rendition of the judgment provided for in the preceding paragraph hereof, and shall in the meantime be deposited with the President of the Harrisonburg State Bank, of Harrisonburg, Louisiana, who shall deliver the same upon the receipt of a copy of said judgment, and upon the execution by the said Smith of a receipt in favor of the Police Jury in full of all other claims.
 

 “That the President and Secretary of the Police Jury are hereby fully authorized for and on behalf of this body to take all steps and sign all documents that may be needful or necessary in the carrying out of the compromise herein provided for and authorized.
 

 “The Police Jury of Catahoula Parish hereby declares that in making this compromise and settlement it is acting for and as the governing authority of Road Districts 1, 2 and 3 of Catahoula Parish, Louisiana.
 

 “It is further certified: That the above and foregoing is a true and complete copy of a resolution passed and adopted by the Police Jury of the Parish of Catahoula on this the 15th day of September, A. D., 1926.
 

 “In testimony whereof, witness my hand on this the 15th day of September, A. D. 1926.
 

 “J. K. McGee, Secretary, Police Jury of Catahoula Parish, Louisiana.”
 

 “State of Louisiana
 

 “Parish of Catahoula
 

 “Seventh District Court.
 

 “Police Jury of Catahoula Parish Louisiana, vs. James B. Smith et al. No. 4352.
 

 “James B. Smith vs. Police Jury of Catahoula Parish, Louisiana. No. 4396.
 

 “Now into this Honorable Court comes the Police Jury of Catahoula Parish, Louisiana, the plaintiff in Suit above numbered No. 4352 and Defendant in suit above numbered No. 4396, and James B. Smith, Defendant in suit above numbered 4352 and plaintiff in suit above numbered 4396, who respectfully aver as follows to wit:
 

 “1. That the said Police Jury of Catahoula Parish, Louisiana, and the said James B. Smith, did on Sept. 15th, 1926, enter into a compromise agreement and settlement of the above numbered and entitled suits, as per a resolution of the said Police Jury, duly passed on said date, in accordance with said act of compromise, which said resolution is as follows, to-wit:
 

 
 *798
 
 “ ‘(First). That the said Smith, shall renounce all claims to the fund in escrow in Alexandria Bank & Trust Company, and shall upon the receipt of the certificates of indebtedness hereinafter provided for, abandon all other claims against the Parish of Catahoula, and shall dismiss and abandon that certain suit entitled “Smith v. Police Jury of Catahoula Parish et al.” (Second). The Parish of Catahoula shall abandon all claims to the interest coupons delievered to the Alexandria Bank & Trust Company, in connection with the escrow agreement hereinabove referred to. (Third). The Parish of Catahoula shall admit and provide for the payment of an indebtedness due the said J. B. Smith, under the contracts above referred to in the sum of Thirty Four Thousand Nine Hundred and Sixty Nine and 96/100. (Fourth). The Parish of Catahoula through its Police Jury, and represented by its President and Secretary, ■shall make, sign, execute and deliver to J. B. Smith, or any authorized agent, certificates of indebtedness of the said Parish of Catahoula, aggregating the sum of Thirty Four Thousand Nine Hundred and Sixty nine and 96/100 Dollars, said certificates to be in substantially the following form, to wit:
 

 “ ‘No.- $-
 

 “ ‘On the —th day of -, 19 — , after date, for value received, the Parish of Catahoula, promises to pay to J. B. Smith, or assigns, at the Harrisonburg, State Bank, at Harrisonburg, Louisiana, the sum of - Dollars, with five per cent interest from date until paid, interest payable semiannually.
 

 “ ‘It is agreed that if this certificate is placed in the hands of an attorney for collection after maturity, then the maker shall pay ten per cent of the aggregate amount thereof as Attorney’s fees. This certificate is one of a series of six certificates, aggregating $34,-989.96, issued by the Police Jury of Catahoula Parish pursuant to a resolution adopted September 15th, 1926, said certificates to be numbered from one to six inclusive.
 

 “ ‘Said certificates shall be dated Sept. 15th, 1925, and shall be in the following amounts and maturities to-wit:
 

 “ ‘#1. $5828.32 Due March 15th, 1927.
 

 “ ‘#2. $5828.32 Due Sept. 15th, 1927.
 

 “ ‘#3. $5828.32 Due March 15th, 1928.
 

 “ ‘#4. $5828.32 Due Sept. 15th, 1928.
 

 “ ‘#5. $5828.32 Due March 15th, 1929.
 

 “ ‘#6. $5828.32 Due Sept. 15th, 1929.
 

 “ ‘That in order to provide for the payment of said certificates in principal and interest as the same mature, the Police Jury of Catahoula Parish binds and obligates itself to annually budget and set aside a sufficient sum to pay the principal and interest thereof, for the payment of which the full faith and credit of the Parish of Catahoula is hereby pledged.
 

 “ ‘-, President
 

 “ ‘-, Secretary’
 

 “ ‘That the act of compromise herein provided for, when made and signed by the said Smith and the Police Jury of Catahoula Parish, shall be made the basis of a judgment of the Seventh District Court, wherein all of the provisions thereof shall be recognized and ordered enforced.
 

 “ ‘That the certificates herein provided for shall be delivered to the said J. B. Smith, or his agent, upon the rendition of the judgment provided for in the preceding paragraph.
 
 *800
 
 ■hereof, and shall in the meantime be deposited with the President of the Harrisonburg 'State Bank, of Harrisonburg, Louisiana, who shall deliver the same upon the receipt of a copy of said Judgment, and upon the execution by the said Smith of a receipt in favor of the Police Jury in full of all other claims.
 

 “ ‘That the President and Secretary of the Police Jury are hereby fully authorized for and on behalf of this body to take all steps .and sign all documents that may be needful or necessary in the carrying out of the compromise herein provided for and authorized.
 

 “ ‘The Police Jury of Catahoula Parish hereby declares that in making this compromise and settlement it is acting for and as the governing authority of Road Districts 1, .2, and 3 of Catahoula Parish, Louisiana.’
 

 “2. They show that the above recited facts show the true intent of the act of compromise between the Police Jury of Catahoula Parish, Louisiana, and J. B. Smith, plaintiffs and defendants in the above numbered and entitled causes, and do now agree that said agreement and compromise as above recited, •do now become the judgment of this Honorable Court.
 

 “3. They show that his Honor Honorable R. M. Taliaferror, Judge of this Court having been recused and the case having been referred to Honorable John R. McIntosh, Judge of the Fifth District Court of Louisiana, and that accordingly, all of the parties hereto do now agree that this case be transferred to the Parish of West Carroll in the Fifth DistrictCourt of Louisiana, to be there tried according to law.
 

 “Wherefore they pray that the above recited act of compromise may be ordered made the judgment of this Court and for all and general relief.
 

 “Jos. M. Reeves, Atty. for Police Jury Catahoula Parish, Louisiana
 

 “S. R. Holstein, Atty. for James B. Smith and Will H. Smith.
 

 “State of Louisiana
 

 “Parish of Catahoula
 

 “Seventh District Court.
 

 “Police Jury of Catahoula Parish, Louisiana, vs. James B. Smith et al. No. 4352.
 

 “James B. Smith vs. Police Jury of Catahoula Parish, Louisiana. No. 4396.
 

 “In the above numbered and entitled causes, it appearing that an act of compromise having been entered into by and between the plaintiffs and defendants, which said agreement and act of compromise is this day filed in open court, and which said act of compromise is marked -Exhibit ‘A’, wherein it is agreed and prayed that the said act of compromise herein filed, be made the judgment of the Court. The case having been taken up and tried and the law and the evidence being in favor thereof. It is ordered, adjudged and decreed that the written act of compromise herein filed and marked Exhibit ‘A’ be and the same is hereby made the judgment of the Court, and that as such it is hereby ordered enforced.
 

 “Thus done, read and signed in open court at-in the Fifth District Court of Louisiana, on this 20th day of Sept. 1926, at Oak Grove, Parish of West Carroll, La.
 

 “Jno. R. McIntosh, Judge 5th District
 

 “Acting for 7th District Court.”
 

 
 *802
 
 When we consider the preamble and the third and fourth paragraphs of the quoted resolution, together with the compromise agreement, and with the facts in mind that road districts 1, 2, and 3 embrace the entire area of Catahoula parish, and the police jury is the governing authority of the parish and all of its road districts, we have no doubt that the police jury recognized the claim of J. B. Smith as an indebtedness of Catahoula parish and that it made provision, as such, for liquidating the debt.
 

 We liave said that the police jury did not appeal from the judgment, but acquiesced therein by making payments thereon, to which we will add that no suit has been filed to annul the judgment. Therefore, the case of Parker v. Scogin, 11 La. Ann. 629, is directly in point. In that case the court said: “In the absence of an appeal or action of nullity, no irregularity in the form of proceeding before the district court can be inquired into after the lapse of one year. When the police jury has been regularly cited or made its appearance, no inquiry can be entertained after the lapse of that period, as to whether
 
 the power to confess judgment
 
 was or was not formally conferred by sufficient authority.” (Italics by this court)..
 

 We note in defendant’s brief the following statement, viz.: “As the present suit was not filed against these districts but against the parish, the petition showed no cause of action and was properly dismissed by the lower court.”
 

 Counsel is in error. This is not a suit against the parish, but a mandamus proceeding to compel the police jury to budget, collect, and pay to relator the balance of a judgment against the parish that is long past due and owing to the relator.
 

 Eor the reasons assigned, the judgment appealed from is annulled and set aside, and it is now ordered, adjudged, and decreed that the police jury of the parish of Catahoula, and the officers and members thereof, shall, and they are hereby commanded to, forthwith budget and collect and pay over to the substituted relator, J. B. Smith, out of any and all funds and revenues of the parish, a sum sufficient to pay the balance due on the judgment in favor of said Smith, said balance being $22,793.96, with interest at the rate of 5 per cent, per annum from January 7, 1929, until paid, and 10 per cent, on the total amount of said principal and interest, as attorney’s fees, and all costs of this suit.
 

 O’NIELL, C. J., recused.